*Yao v. Sessions*

BIA
Loprest, IJ
A205 894 881

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of October, two thousand eighteen.

PRESENT:
> BARRINGTON D. PARKER,
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

YONGBO YAO, AKA YONG BO YAO,
> *Petitioner,*

v.

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

17-240
NAC

FOR PETITIONER: Gary J. Yerman, New York, NY.

FOR RESPONDENT: Chad A. Readler, Acting Assistant Attorney General; Derek C. Julius, Assistant Director; Enitan Omotayo Otunla, Trial Attorney, Office of Immigration Litigation, United

States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yongbo Yao, a native and citizen of the People's Republic of China, seeks review of a December 28, 2016, decision of the BIA affirming an October 2, 2015, decision of an Immigration Judge ("IJ") denying Yao's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yongbo Yao,* No. A 205 894 881 (B.I.A. Dec. 28, 2016), *aff'g* No. A 205 894 881 (Immig. Ct. N.Y. City Oct. 2, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA and reach only the adverse credibility ruling. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The standards of review are well established. *See* 8 U.S.C.

§ 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). The standard for assessing credibility is set forth in the REAL ID Act, which provides as follows:

> Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . . the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor.

8 U.S.C. § 1158(b)(1)(B)(iii). "[A]lthough IJs may rely on non-material omissions and inconsistencies, . . . [a] trivial inconsistency or omission that has no tendency to suggest a petitioner fabricated his or her claim will not support an adverse credibility determination." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 77 (2d Cir. 2018). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination is supported by substantial evidence.

3

The agency reasonably relied on discrepancies between Yao's testimony and his written statement. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Yao testified to two visits from neighborhood family planning officials and one visit from the city family planning officials, but his written statement described only a single visit from the neighborhood officials. The agency was not required to credit Yao's position that his written statement implied a separate visit from the city officials because the statement does not actually identify such a visit. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted) (quoting *Zhang v. INS*, 386 F.3d 66, 76 (2d Cir. 2004)); *see also Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985)))). In addition, while Yao's written statement alleged that his wife was sterilized after an

abortion, he testified only that she was forced to have an intrauterine device ("IUD") after the abortion. The agency reasonably rejected Yao's explanation that he did not know the difference between an IUD and sterilization because his written statement distinguished between them. *See Majidi*, 430 F.3d at 80.

Yao also conceded that he provided false employment information to U.S. officials when obtaining his visa and that he repeated the false information to the attorneys preparing his asylum application. While we have acknowledged that an alien's false statements "to escape immediate danger or imminent prosecution" should not support an adverse credibility ruling, that exception does not apply here because Yao did not leave China until over a decade after his wife's abortion (with no intervening harm) and because he then repeated the false information on his asylum application after he was safely in the United States. *See Rui Ying Lin v. Gonzales*, 445 F.3d 127, 133 (2d Cir. 2006); *see also Siewe*, 480 F.3d at 170-71.

The IJ's negative demeanor finding, which was based in part on Yao's lack of candor and responsiveness regarding his

employment history, further supports the adverse credibility ruling. 8 U.S.C. § 1158(b)(1)(B)(iii); *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005) (giving "particular deference" to credibility findings based on an applicant's demeanor).

Finally, the agency also reasonably concluded that Yao's corroborating evidence did not rehabilitate his testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The IJ reasonably gave little weight to the unsworn letters from China. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013). Moreover, the letters were short and lacked detail, and Yao's wife's letter did not confirm the alleged abortion. *See Xiu Xia Lin*, 534 F.3d at 166-67 (upholding agency's reliance on omissions in letters submitted to corroborate claim).

The above discrepancies and lack of reliable corroboration provide substantial evidence for the adverse credibility ruling. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu*

*Xia Lin*, 534 F.3d at 166-67. Because Yao's claims were all based on the same factual predicate, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Yao's pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7